Matthias, J.
 

 The question is here clearly presented whether the provisions of Section 11273, General Code, preclude the bringing of an action in a county of this state against the persons and companies enumerated in that section by a resident of another state for injuries to person or property occurring elsewhere than in this state, where the injury complained of resulted from the joint negligence of a railroad company and another corporation against which the action is maintainable in such county of this state.
 

 If this suit were against the Baltimore & Ohio Railroad Company alone there would be no question here, for that was decided in the case of
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, 140 N. E., 94, where Section 11273, General Code, was interpreted and its constitutionality maintained. It is now claimed that the language there employed, not only in the opinion, but in the syllabus, is so broad and comprehensive that the decision of this court in that case is also determinative of the question presented by the motion to quash in this case. Because the state of facts here presented is so different from that before the court in the
 
 Loftus case,
 
 the syllabus of that case cannot be regarded as determinative of the issue presented in the instant case. The syllabus of a case definitely states the law with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case. Admittedly such action may be properly brought
 
 *571
 
 and maintained in Cuyahoga county against the American Steel & Wire Company, which is a New Jersey corporation doing business in Cleveland, where it has a managing agent. Hence the question presented is whether the railroad company must be dismissed from this action.
 

 As stated by Shauck, J., in
 
 Maumee Valley Railways & Light Co.
 
 v.
 
 Montgomery,
 
 81 Ohio St., 426, 431, 91 N. E., 181, 182 (26 L. R. A., [N. S.,] 987, 135 Am. St. Rep., 802), where recovery was sought from two transportation companies, upon the ground that their negligence combined caused the injury:
 

 “If the collision resulted solely from the negligence of the Interurban Company the liability should ultimately fall upon it. But that liability may be enforced in the same action as the liability of the Maumee Company for the breach of its contract. The original plaintiff was. obliged neither to waive his right of action against either company nor to choose at his peril against which company he would bring his action. We are aware of no rule of law which requires several actions to determine the rights and liabilities of the parties in such a case. That they may be determined in one action appears from
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330;
 
 Chicago
 
 v.
 
 Robbins,
 
 2 Black, 418;
 
 City of Rochester
 
 v.
 
 Campbell,
 
 123 N. Y., 405.”
 

 The American ¡Steel & Wire Company being properly sued in 'Cuyahoga county, the Baltimore & Ohio Railroad Company, under the averments of the petition, may be joined as a defendant by virtue of the provisions of Section 11255, General Code, unless by reason of the provisions of Section
 
 *572
 
 11273, General Code, the former section can have no application to suits against such persons and companies as are enumerated in the latter section. Is it possible that the provisions of our statutes are now such that, where two parties jointly cause an injury, and an action may be maintained in this state against one, the other cannot be joined if it happens to be a person or company such as enumerated in Section 11273, General Code, but suit against such party must be separately maintained elsewhere or abandoned altogether? That would be the result if the contention of plaintiff in error be sustained, which it seems clear would not only be violative of the purposes of our Civil Code of Procedure to prevent a multiplicity of suits, but would nullify clear and express provisions of other statutes, particularly Section 11255, General Code, which provides:
 

 “Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who- is a necessary party to a complete determination or settlement of a question involved therein.”
 

 This statute is not irreconcilably inconsistent with Section 11273, General Code, and the rule against repeals by implication requires that the provisions of Section 11255 be here applied.
 

 The proviso portion of 'Section 11273, General Code, is the new part of that section, and constitutes the amendment made in 109 Ohio Laws, 81. Clearly it does not refer to any provision of any statute except that which immediately precedes it in the same section, and except as it modifies the provisions of Section 11276, General
 
 *573
 
 Code, as stated in the
 
 Loftus case.
 
 The purpose of such amendment was quite evidently none other than to prevent the bringing- of the class of actions specified against transportation companies at some point in this state distant from the place of injury and residence of the plaintiff. It clearly was not enacted in the interest of the plaintiff, for it prevented the selection of the forum by him, as permitted by the law prior to such amendment. It is a limitation upon the enforcement of a right of action, and therefore must be strictly construed, and all of the statutory provisions respecting venue are
 
 in pari materia,
 
 and must be read and construed together.
 

 It is our conclusion that the provisions of Section 11273, General Code, do not preclude the maintenance of an action in a county of this state against a railroad company by a resident of another state for injuries to person or property, though occurring elsewhere than in this state, where the injury complained of resulted from the joint negligence of said railroad company and another corporation, which are joined as defendants, in an action which is properly brought against the latter defendant in such county.
 

 The fear expressed by counsel that the view the majority of the court has taken in this case would tend to promote an evasion of the provisions of Section 11273, General Code, by joining employer and employe as codefendants, may be somewhat allayed by a consideration of the decision of this court in the case of
 
 French, Adm’r.,
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A., (N. S.), 669, where it was held in the syllabus:
 

 
 *574
 
 “An action cannot be maintained jointly against master and servant for the wrongful and negligent act of the latter if in the particular case the master’s liability for such wrongful and negligent-act arises solely from the relationship between them under the doctrine of
 
 respondeat superior. Clark
 
 v. Fry, 8 Ohio St., 358, approved and followed. ’ ’
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen and Robinson, JJ., concur.
 

 Jones, Day, and Kinkade, JJ., dissent.