## WIDEN v WIDEN (2 cases)

Ohio Appeals, 6th Dist, Lucas Co

Nos 2218 & 2219.  Decided July 8, 1929

Percy R. Taylor, and Charles K. & Stanley M. Friedman, all of Toledo, for plaintiff.

Ralph Emery, Toledo, for defendants.

RICHARDS, J.

The plaintiff now seeks the recovery of the balance of the money not expended for his benefit which he delivered to Bessie Widen and the cancellation of the deed and return of the property to him. By reason of the conduct of the defendants, the plaintiff has been taking his meals at another place, although he still occupies a room in the apartment conveyed to the son. The evidence leaves no room for doubt of the utter failure to care for him and provide him with a comfortable home and maintenance, and the animosity displayed toward him almost immediately after the transaction unmistakably points to the fact that they contemplated securing his property without complying with the contract to care for him and provide him with maintenance and support during his life. The evidence shows that the contract, made as it was while he was depressed immediately after the death of his wife, and while he was sick, suffering and enfeebled, was attended with fraud and the transfer and conveyance should be set aside.

It is urged in defense that the deed itself contains no forfeiture clause for failure to comply with its terms, and that therefore plaintiff's only remedy is to recover damages for the breach, and to sustain that contention counsel cite **City of Cleveland vs. Huron, 102 Ohio St., 218.** We have no doubt of the correctness of that decision as applied to the facts before the court, but cannot extend the principles to a case of this character. That case did not involve an improvident contract made by an enfeebled man for his care and support and the contract in that case was made without any undue advantage or suggestion of fraud on the part of any one. As said in **B. & O. R. R. Co. vs. Baillie, 112 Ohio St., 567,** the syllabus must be interpreted in view of the facts found in the case. The case at bar is more like that of **Tracey vs. Sackett, 1 Ohio St., 55** and **Reid vs. Burns, 13 Ohio St., 49.** See also Glocke vs. Glocke, 113 Wis., 303.

We think the plaintiff is entitled to the equitable relief sought and a decree will be entered in his favor in each case.

Williams and Lloyd, JJ, concur.