## TROY (city) et v SCHNELL et

Ohio Appeals, 2nd Dist, Miami Co

No 317.   Decided Dec 20, 1933

Paul G. Gingrich, City Solicitor, Troy, for plaintiff in error.

Faust & Faust, Troy, for defendant in error.

posed improvement. It is conceded by counsel for the city of Troy that if the assessments in question are absolutely void by reason of the failure to have plans, specifications, etc., on file in the office of the Director of Public Service of said city at the time of the passage of the resolution of necessity then the city can not avail itself of the various defenses set forth in the amended answer.

Counsel have been extremely diligent and have furnished the court with exhaustive briefs in which a large number of pertinent decisions of the courts of this state and of other jurisdictions are cited and discussed.

We have considered many of the cases so cited and in addition thereto have made some independent investigation of the subject outside of the cases cited.

There is some conflict in the decisions so examined, but when the controlling facts in the various cases are considered the conflict to a large extent disappears.

We shall not attempt to discuss the authorities in detail, as it would be impractical so to do in this opinion. We will content ourselves in the main with announcing the conclusion at which we have arrived after a careful consideration of the controlling authorities.

There has also been filed with us the written opinion of the trial court. It is apparent from a consideration of such opinion that the trial court felt bound by the decision of our Supreme Court in the case of Kasch v City of Akron, 100 Oh. St, 229.

We concede that there was apparently good reason for the trial court feeling that it was required, by reason of the second paragraph of the syllabus of this case, to sustain the demurrer to the amended answer of the City of Troy. Upon our first consideration of this case we were also of opinion that the second paragraph of the syllabus in the Kasch case required us to affirm the judgment of the lower court, but upon a further study of the Kasch case, and also from a consideration of the pronouncements of our Supreme Court in various other cases, we have arrived at the conclusion that the syllabus in the Kasch case is not controlling in the case at bar. Whether our first impressions and also the conclusion reached by the trial court were correct, or whether our ⸱later⸱ conclusions contain a correct solution of the problems presented by the amended answer of the City of Troy, must be determined by the Supreme Court, if the case reaches that tribunal.

The second paragraph of the syllabus in the Kasch case is as follows:

## OPINION

By KUNKLE, J.

Although the answer of the city of Troy contains various defenses, the case revolved around a consideration of the admission in the amended answer that at the time of the resolution of necessity, No. 1076, or at any time prior to its passage there was not on file in the office of the Director of Public Service of said city, plans, specifications, estimates and profiles of said pro-

"It is essential to the validity of proceedings ordering improvements authorized by §3812 GC, that plans, specifications, estimates and profiles of the proposed improvement shall be on file in the office of the director of public service in cities, or the clerk in villages, at the time of the passage of the resolution declaring such improvement necessary."

As above stated, the answer admits that at the time of the passage of the resolution of necessity, No. 1076, or at any time prior to its passage, there was not on file in the office of the Director of Public Service of said city plans, specifications, estimates and profiles of said proposed improvement.

In view of such admission in the answer we concede that upon our first investigation of this case we were of the opinion that under the paragraph of the syllabus above quoted, such failure to have the plans, specifications, etc., on file at the time the resolution of necessity was adopted would be fatal to the validity of the assessments.

In considering the decisions of our Supreme Court it is generally understood among lawyers that the syllabus contains the law of the case as the syllabus must be approved by at least a majority of the members of the Supreme Court. The decision of the case, written as a rule by one member of the Supreme Court, contains the argument of such judge in support of the proposition of law stated in the syllabus.

It must be kept in mind, however, that while the syllabus states the law of the case, it is the law based upon the particular facts found in the case, and is not controlling in another case which may involve the same legal question but in which the controlling facts are totally different from those in the case wherein the syllabus was announced. This thought has been stated by the Supreme Court at various times and is best expressed in their own language in the case of **Witte v Lockwood, 39 Oh St, at page 145.** Judge Okey, in rendering the opinion of the court uses the following language:

"An examination of the Ohio cases (Of Covington, etc., Company v Sargeant, supra; **Robey v Ramsberger, 27 Oh St 647;** Swenson v Cresop, supra; **Porter v Wagner, 36 Oh St 471)** shows an apparent conflict in the syllabi or head notes. Although in this state such head notes are prepared by the judges, and in all cases receive the assent of a majority—a practice with which we are well satisfied—they are always to be read in connection with the facts appearing in the report, and so read, the cases are not in conflict, nor are they in conflict with the principles asserted in this case."

In the case of **Railway Company v Jackson, 83 Oh St, at page 17** of the decision, Judge Davis, in announcing the opinion of the court, among other things, states the following:

"The judgment of the circuit court is defended on the ground that the question involved is definitely settled by the rulings of this court in **Genin v Grier, 10 Ohio, 210,** and **City of Fostoria v Fox, 60 Oh St, 340.** With this contention we cannot agree."

"The cases cited, like all others, should be interpreted with reference to the facts of each case and the questions presented to and considered by the court. In those cases the question now before this court did not arise."

In the case of the **Baltimore and Ohio Railroad Company v Daillie et, 112 Oh St, at page 567,** the second paragraph of the syllabus is as follows:

"The syllabus of a decision of the Supreme Court of Ohio definitely states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case."

Judge Matthias, in rendering the opinion of the court, on page 570, employes the following language, namely:

"It is now claimed that the language there employed (referring to the decision of the Supreme Court of Ohio in **107 Oh St 352)** not only in the opinion, but in the syllabus, is so broad and comprehensive that the decision of this court in that case is also determinative of the question presented by the motion to quash in this case. Because the state of facts here presented is so different from that before the court in the Loftus case, the syllabus of that case cannot be regarded as determinative of the issue presented in the instant case. The syllabus of the case definitely states the law in reference to the facts upon which it is predicated, and must be read in view of the facts found in such case."

With the above mentioned rule in mind, it becomes necessary to compare the facts in the Kasch case with the facts in the case at bar.

In the Kasch case there was a failure on the part of the municipal authorities to pass

a resolution of necessity finding that the sewer in question was conducive to the public health, convenience and welfare; the municipal authorities also omitted to provide plans, specifications, profiles and estimates for such improvement. It further appears from a statement on page 238 of the opinion that the plans, specifications, etc., in the Kasch case were not in existence when any of the legislation was adopted but were in the course of preparation during the trial of the case.

In the case at bar it is admitted that the plans, specifications, etc., were not on file as they should have been when the resolution of necessity was adopted, but it is averred in the answer, and the demurrer admits the various allegations of the answer, that the plans, specifications, etc., were on file in the proper office prior to the passage of the ordinance actually ordering the improvement in question and prior to the city of Troy entering into any contractual obligation for the paving of this street.

The important and what appears to us as being the controlling difference between the Kasch case and the case at bar relates to the conduct of the property owners in these two cases. In the Kasch case, Judge Donahue, in rendering the opinion of the court states:

"Where the owner of property to be assessed for an improvement delays the bringing of an action to enjoin the collection of the assessment until after the improvement is completed and the property benefitted thereby, naturally a court will disregard irregularities and defects in the proceedings of Council in making the assessment, and will, as a rule, sustain an assessment to the extent of the benefit properly chargeable against plaintiff's property had the assessment been legally made. (**The City of Cincinnati v Bickett** et, 26 **Oh St 49**). But it is not the purpose or intent of §3911 GC to make valid an assessment which is void because it is levied without authority of law. (**Stephan, Treasurer v Daniels** et, 27 **Oh St**, 527).

"**In this case however, plaintiff acted promptly and brought this action to enjoin the assessment before the improvement was made, and before the property derived any benefit therefrom.** Therefore, there are no equities in favor of the City that would call for application of a liberal construction of the proceedings of Council, even though §3911, GC, did not expressly provide that such proceedings must be strictly construed in favor of the owner of the property assessed or injured as to a limitation on assessment of private property and compensation for damages sustained."

It thus appears that the facts in the Kasch case are materially different from the controlling facts in the case at bar, and the principle announced in the Kasch case would not necessarily apply to the case at bar.

The court in the Kasch case found that the plaintiff acted promptly and brought the action to enjoin the assessment before the improvement was made and before his property was benefitted thereby.

In the case at bar it appears from the answer, and, as above stated, for the purpose of the demurrer these averments of the answer must be admitted, that the resolution of necessity was passed on April 7, 1930; that the ordinance determining to proceed with the improvement was passed on August 18, 1930; that plans, specifications, estimates, etc., were on file prior to the adoption of the ordinance determining to proceed with this work, and prior to entering into a contract for the same; that thereafter a contract was entered into for said improvements and work was commenced upon said improvement on or about September 14, 1930 and that the work was completed on or about the 15th day of November, 1930; that on May 18, 1931 the assessing ordinance was passed, and that the plaintiffs failed to object to said assessment until October 14, 1931. The city of Troy therefore claims that the plaintiffs are estopped by reason of their conduct to deny the validity of the assessment.

In the Kasch case we find the property owner objecting and seeking an injunction before any work was done, before his property was improved in any manner. In the instant case we find the property owners standing by and evidently seeing their property benefitted and improved without complaint for almost a year after the improvement was completed. The plans, specifications, profiles, etc., were on file in the proper place prior to the passage of the ordinance by which the city of Troy determined to proceed with the improvement. Had the property owners objected, the ordinance to proceed with the work might not have been passed by the city authorities. The resolution of necessity is a preliminary resolution and did not bind the city to proceed with the improvement. Until the city authorities passed the ordinance determining to proceed with the improvement and then entered into a binding

contract for the performance of the work, it was at liberty to abandon the project at will.

Sec 3901 GC provides:

"If in any such action it appears that by reason of any technical irregularity or defect, whether in the proceedings of the council, or of any other officer of the corporation, or in the plans or estimates, the assessment has not been properly made against any defendant, or upon any lot or parcel of land sought to be charged, the court may nevertheless on satisfactory proof that expense has been incurred which is a proper charge against said defendant, or lot or parcel of land in question, render judgment for the amount properly chargeable against said defendant on such lot or land, but in such case the court shall make such order for the payment of the costs as may be deemed equitable and proper."

Sec 3911 GC provides as follows:

"Proceedings in respect to improvements shall be liberally construed by councils and courts, to secure a speedy completion of the work, at reasonable cost, and a speedy collection of the assessment after the time has elapsed for its payment, and merely formal objections shall be disregarded. but proceedings shall be strictly construed in favor of the owner of the property assessed or injured as to limitations on assessment of private property and compensation for damages sustained."

A few of the many cases which we have examined upon this question are as follows: Osborne v Huffman, being a decision of the Circuit Court of this District, reported in 14 O.C.C. (N.S.) 239, and afterwards affirmed by the Supreme Court without opinion. The syllabus of this case is as follows:

"Under the curative provisions of the statute, sewer assessments, which are illegal for irregularity in proceedings are enforceable to the extent to which expense has been incurred which is properly chargeable against the property assessed and is not in excess of benefits."

In the case of the City of Cincinnati v Bickett et, 26 Oh St, 40, Judge Welch, in rendering the opinion of the court, after referring to the objection that the notice to bidders had not been published as required by the statute, states: (Page 56)

"It by no means follows, however, that by reason of this defect in the proceeding the action to recover the assessment should fail. The case comes plainly within the provisions of §550 of the Municipal Code (66 Ohio Laws 242) which authorizes the court, in cases where such defects or irregularities occur and 'where expense has been incurred which is a proper charge' against the defendants to render judgment for the amount so chargeable against the defendants. Here the whole expense had been incurred, work had been completed, and apparently without any objection from the defendants. The object of the advertisement for bids was to procure the work to be done at fair prices. The object was fully attained without the strictly legal advertising so that the absence of it did not work any injury to the defendants. They were therefore 'properly chargeable' with a proportion of the entire cost of the work."

In the case of Upsington v Oviatt, Treasurer, 24 Oh St, 232, the fifth paragraph of the syllabus is as follows:

"In such case, however, the assessment, while not conclusive, is not necessarily void. Under §550, in a case where the improvement has been made, it may be enforced to the extent that expense has been incurred which is a proper charge upon the property assessed."

Without attempting to further review the many authorities that might be cited reflecting upon this general proposition, we are of opinion that the answer sets forth some facts, which if proven, would constitute a defense to plaintiff's cause of action.

The amount of the assessment is not involved in this case. The plaintiffs seek to avoid the entire assessment. In so far as the defect above referred to and discussed is concerned, we think the properties of the plaintiffs are subject to a proper charge for the improvement in question. If the amount of the assessments is unjust or unfair that question can be considered upon the final hearing of the case.

The transcript of the docket and journal entries shows that the demurrer of the plaintiffs was sustained to the second, third, fourth, fifth and sixth defenses in defendant's amended answer.

The petition in error claims that the court erred in sustaining the demurrer to the second, third, fourth and fifth defenses of the amended answer.

There is no sixth defense in the amended answer. It is apparent from an examination of the original amended answer

that the City of Troy intended all that portion of the amended answer after the words, "FIFTH DEFENSE" to the prayer in the answer, as constituting part of the fifth defense.

The third defense of the amended answer relates to a petition which was filed by certain property owners upon the street in question asking council to pass the necessary legislation for the paving of said street. We do not think this defense as plead constitutes a defense and as to the third defense the judgment of the lower court will be sustained.

The fourth defense relates to certain notices given by the city of Troy to said property owners, of the making of the assessments in question, and avers that as no objection was filed by such property owners, as provided by §3848 GC, that such assessments therefore became final by reason of §3850 GC.

Among other things, it is suggested by council for defendants in error that, as no Equalizing Board was appointed as provided by §3847 GC, the facts stated in the fourth defense cannot avail the city of Troy. §3847 GC contemplates cases where the assessment is made according to benefits. The assessments in question, according to the petition, were made at $5.0728 plus, per front foot.

Sec 3848 GC does not contemplate the appointment of an Equalizing Board unless objections are filed.

We do not desire to be understood as holding that the facts set forth in the fourth defense would, under all circumstances, constitute a complete defense to the plaintiff's cause of action, but are of opinion that the fourth defense contains some statements of fact which should be considered in the final determination of the case.

The judgment of the lower court in sustaining the demurrer to the third defense in the amended answer will be sustained. The judgment of the lower court in sustaining the demurrer to the second, fourth and fifth defenses of the amended answer, will be reversed and cause remanded for such further proceedings as may be provided by law.

HORNBECK, PJ, and BARNES, J, concur.