Stewart, J.
The questions presented in the present case relate entirely to matters of procedure and have nothing to do with the substantive merits of defendant’s cause.
The Court of Appeals decided that, since a bill of exceptions was.not filed in the Common Pleas Court until February 7, 1952, and since that date was more *356 than 30 days after December 31, 1951, under which date appears the first journal entry overruling the motion for a new trial, such bill of exceptions was not filed in accordance with Section 13445-1, General Code, and, therefore, could not be considered by the Court of Appeals. In such a situation, if the errors complained of by an appellant can not be disclosed except by examining a bill of exceptions, the only alternative for the Court of Appeals is to affirm the judgment of the Common Pleas Court. Luff v. State, 112 Ohio St., 102, 146 N. E., 892.
The Court of Appeals decided further that Section 13459-3, General Code, which requires an appellant to file his brief with the transcript, is a mandatory jurisdictional provision which requires a dismissal of an appeal by the Court of Appeals where the provision is not complied with; and that such court has no discretionary power to extend the time for filing the briefs.
We. shall examine these two questions in order.
The entry overruling the motion for a new trial, dated December 31, 1951, was made before any judgment entry of the court sentencing defendant upon the jury’s verdict of guilty.
Section 13459-4, General Code, provides:
“Such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof. ’ ’ Section 13445-1, General Code, provides in part:
‘ ‘ The court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than thirty days from the overruling of the motion for a new trial.”
It is apparent that if a court may overrule a motion for a new trial from which overruling no appeal can *357 be taken, since it must be taken from the judgment of sentence, the court, by deferring sentence for more than 30 days after such overruling, can prevent a defendant from having the advantage of a bill of exceptions on an appeal unless he files with the court a bill of exceptions before a judgment against him and at a time when he does not know whether he will appeal.
To require the preparation and filing of a bill of exceptions before the entry of a judgment from which an appeal can be taken will not only give rise to an unjust and unfair situation but one that is absurd and grotesque. We do not believe the General Assembly had any such intention in the enactment of Sections 13445-1 and 13459-4.
A reading of Article IV of the Constitution of Ohio is convincing that it is the spirit of our fundamental law that a litigant shall be entitled not only to a fair and impartial trial but shall have at least one review if he so desires. Naturally, in order to expedite justice, the General Assembly must legislate in order that an appellate review may be orderly and without delay, and the General Assembly has the authority to fix the terms upon which the review may be had. When, however, courts come to determine the meaning of the terms fixed by the legislative branch of the government, that meaning must, if possible, be consistent with justice and fair play and must avoid ridiculous and grotesque results. Since, as we have pointed out, such results may come about by the overruling of a motion for a new trial in a criminal case before sentencing a defendant, and since the time for filing a bill of exceptions dates from the overruling of the motion, whereas the time for filing a notice of appeal dates from the judgment of sentence, Sections 23445-1 and 13459-4 must be considered in pari materia and a trial court is required in a criminal case, if it overrules a motion for a new tidal, to journalize such over *358 ruling contemporaneously with or subsequently to the journalization of the judgment of sentence.
In the present case, the trial court must have construed Sections 13445-1 and 13459-4 as we have just indicated, for otherwise there would have been no sense or logic in journalizing the overruling of defendant’s motion for a new trial and journalizing the sentence of defendant on January 8, 1952, after the journalization of the overruling of the motion on December 31, 1951.
The trial court must have considered the December 31 entry as a mere nullity for the reasons we have stated, and we hold likewise. It follows that the 30-day period for filing the bill of exceptions dated from January 8, 1952, and since such bill was filed in the trial court on February 7, 1952, that filing was within time.
As to the other question presented, although the Court of Appeals granted defendant additional time to file his brief in that court and such brief with assignments of error was filed within the time allowed by the court, it, nevertheless, dismissed defendant’s appeal because of the provision in Section 13459-3, General Code, that “the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal.”
In the majority opinion, the Court of Appeals said: “On February 27, 1952, which was the fiftieth day after the filing of the notice of appeal, this court granted to counsel for defendant leave to file his brief within ten days. This leave was granted and signed by the writer, for the reason that prior to the time of my taking office, this court held that the matter of extension of time for filing briefs were discretionary with the court. This extension in law is a nullity. ”
The Court of Appeals in dismissing defendant’s appeal relied upon paragraph five of the syllabus in State *359 v. Edwards, 157 Ohio St., 175, 105 N. E. (2d), 259, which is as follows:
“In Section 13459-1 et seq., General Code, the General Assembly has prescribed procedural requirements for effecting review by Courts of Appeals of judgments of the Courts of Common Pleas in criminal cases, and such procedural requirements are mandatory. Without exception, the right to revieAv is dependent upon compliance Avith such procedural requirements.”
That paragraph of the syllabus Avould seem to justify the Court of Appeals in the action it took in the present case. However, this court has decided many times that although the syllabus of a case states the laAv of that case it must be read with reference to the facts thereof. Baltimore & Ohio Rd. Co. v. Baillie, 112 Ohio St., 567, 148 N. E., 233; Williamson Heater Co. v. Radich, 128 Ohio St., 124, 190 N. E., 403. See, also, cases cited in 11 Ohio Jurisprudence, 798, Section 145.
In the case of Tims v. Holland Furnace Co., 152 Ohio St., 469, 90 N. E. (2d), 376, paragraph five of the syllabus reads:
‘ The judgment, the entry of which is last filed Avith the clerk for journalization, is the only final judgment in the case, and the period for appeal begins to run from the time of such filing. ’ ’
That paragraph of the syllabus is entirely accurate and states the law of the Tims case, and yet a reading of the case will demonstrate that such paragraph can not be considered as a general proposition of law applicable to all cases.
In the Edwards case, paragraph five of the syllabus states no principle which was essential to a decision of the question presented in that case. Edwards was convicted of murder in the first degree and sentenced to death. From his sentence he prosecuted no appeal until long after 30 days had elapsed. More than four *360 months after Edwards’s sentence, an attorney, who had not been Edwards’s counsel in his trial, entered his appearance in the trial court as attorney for Edwards and after securing a stay of execution filed in the Court of Common Pleas a notice of appeal to the Court of Appeals. A transcript of the record and original papers in the Court of Common Pleas was filed in the Court of Appeals but no bill of exceptions was ever filed in either court.
A motion by the state to dismiss the appeal was sustained by the Court of Appeals, and the cause was appealed to this court solely upon the question whether the Court of Appeals abused its discretion in dismissing the appeal.
The chief question involved was the application of Section 13459-4, General Code, providing that an appeal may be instituted as a matter of right within 30 days after sentence and judgment, and that after 30 days from such sentence and judgment such appeal may be instituted only by leave of the court or two of the judges thereof. Since Edwards’s appeal had not been instituted within 30 days, the Court of Appeals dismissed the appeal, saying that “the defendant-appellant has failed to show why such leave to appeal should be granted.”
A majority of this court were of the opinion that the Court of Appeals had not abused its discretion in refusing Edwards the right to appeal, and no other question was there involved.
We are of the opinion that paragraph five of the syllabus in the Edwards case states the law too broadly. Section 13459-1 et seq., General Code, do prescribe procedural requirements for effecting review by the Court of Appeals of judgments of the Court of Common Pleas in criminal cases, and Section 13459-3, General Code, is jurisdictional so far as it provides that filing a notice of appeal with the court rendering the *361 judgment or order and filing a copy thereof in the appellate court, where leave to appeal must be obtained, perfect the appeal.
However, we are of the opinion that Section 12223-4, General Code, is applicable to all litigated cases, whether criminal or civil. That section provides:
‘ ‘ The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.”
That section is in Part Third, Title V, General Code, “Procedure on Appeal,” and is in no way confined to any one class of cases and obviously applies to all litigated matters in which appeals may be taken. It would be strange if one whose property is involved would have the advantage of this statute and such advantage should be denied to one whose life or liberty is at stake.
It follows that paragraph five of the syllabus of the Edwards case is too broad, in view of Section 12223-4, General Code, and it should be modified to read:
“In Section 13459-1 et seq., General Code, the General Assembly has prescribed procedural requirements for effecting review by Courts of Appeals of judgments of the Courts of Common Pleas in criminal cases, and such procedural requirements as to filing a notice of appeal with the court rendering the judgment or order appealed from and as to filing a copy thereof in the appellate court, where leave , to appeal must be obtained, are mandatory and jurisdictional. Without exception, the right to review is dependent upon compliance with such procedural requirements.”
*362 In view of the language in Section 12223-4, General Code, the requirement in Section 13459-3 that “the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal” is directory, and the extension of time for filing briefs with assignments of error is within the sound discretion of the court. This court can consider the exercise of such discretion only in a case in which there is a claim that there has been an abuse thereof.
The writer of the opinion in the Ewards case had written the opinion in the case of City of Cincinnati v. Hawkins, 81 Ohio App., 459, 78 N. E. (2d), 61, in which he had said:
“2. Filing notice of such appeal is the only jurisdictional step necessary under either the statute affecting general appellate procedure (Section 12223-4, General Code) or the statute specifically applicable to appeals from judgments in criminal cases (Section 13459-3, General Code).
“3. The further provision of Section 13459-3, General Code, that ‘the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal,’ does not require the Court of Appeals to dismiss an appeal instituted by the proper filing of a notice of appeal, even though such brief is not so filed.
“4. The Court of Appeals in the exercise of sound discretion, and in the interest of justice, may permit briefs to be filed by such appellant after the filing of the transcript.”
In the present case, the Court of Appeals exercised its discretion in granting additional time to defendant to file his brief. The brief was filed within the time granted and it follows that it was error for the Court of Appeals to dismiss defendant’s appeal for failure to file his brief and assignments of error.
*363 The judgment of the Court of Appeals is reversed and the cause is remanded to that court to consider the appeal of defendant and all the papers, including the bill of exceptions, filed in the present case in the Court of Appeals.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart and Zimmerman, JJ., concur.